# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1013V

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
CHRIS L. STROUT, as personal          *
representative of ESTATE OF DIANE     *     Chief Special Master Corcoran
M. STROUT,                            *
                                      *
                Petitioner,           *     Filed: November 20, 2023
v.                                    *
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
                Respondent.           *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Miriam A. Johnson*, Berman & Simmons, PA, Lewiston, ME, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On August 19, 2022, Chris L. Strout filed a petition for compensation on behalf of his deceased mother, Diane M. Strout, under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges (under the Vaccine Act Table) that Ms. Strout suffered from Guillain-Barré syndrome ("GBS"), which led to her death as a result of an influenza ("flu") vaccine she received on November 18, 2020. Pet. at 1-2, ECF No. 1.

Following Respondent's informal assessment and a review of the record, Respondent filed a status report stating that this case is not appropriate for compensation

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

and requesting to file a Rule 4(c) Report in defense of Petitioner's claim. ECF No. 18. Respondent filed his Rule 4(c) Report on May 17, 2023. ECF No. 20. I subsequently issued an Order to Show Cause for Petitioner's failure to establish that the onset of Ms. Strout's GBS occurred within the 3-42 day period prescribed for a GBS Table claim. ECF No. 22. In response to my Order, Petitioner filed a Motion to Voluntarily Dismiss the Petition pursuant to Rule 21(a). ECF No. 24. In his Motion, Petitioner indicated that "[a]n investigation of the facts and science supporting his case has demonstrated to [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." *Id.* ¶ 1. Petitioner further indicated that "to proceed further would be unreasonable and would waste the resources of the Court, [ R]espondent, and the Vaccine Program." *Id.* ¶ 2. He "understands that a decision by the Special Master dismissing his petition will result in a judgment against him. He has been advised that such a judgment will end all of his rights in the Vaccine Program." *Id.* ¶ 3.

To receive compensation under the Program, Petitioner must prove either 1) that Ms. Strout suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose preponderant evidence that Ms. Strout experienced the onset of her GBS within 3-42 days of her vaccination or a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Ms. Strout's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that the vaccinee was injured by a vaccine. For these reasons, in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is denied and this case is dismissed for insufficient proof.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.